IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| **LOTUS SKY, LLC DBA OYO HOTEL,** § | | |
| *Plaintiff,* § | | |
|  § | | |
| **v.** § | | CIVIL ACTION NO. 2:24-cv-85 |
|  § | | |
| **LEXINGTON INSURANCE COMPANY,** § | | |
| *Defendant.* § | | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**I. PARTIES**

1.     Plaintiff, Lotus Sky, LLC dba Oyo Hotel (hereinafter referred to as the "plaintiff" or "insured"), is a domestic limited liability company registered in the State of Texas.

2.     Defendant, Lexington Insurance Company (hereinafter referred to as "Lexington") is a Delaware corporation with its principal place of business in Massachusetts. Lexington has been served and made an appearance herein.

3.     Defendant, Constitution Insurance Company (hereinafter referred to as "Constitution") is a Tennessee corporation with its principal place of business in Indiana. Constitution may be served with process by serving its agent for service: Mendes & Mount at 750 Seventh Avenue, New York, New York 10019-6829.

4.     Constitution Insurance Company and Lexington Insurance Company are both participatory providers under a JKL Group Policy which names Lexington Insurance Company as the insurer under Policy No. 0062502343, but also lists Constitution Insurance Company under its coverage tower with Policy No. CON-S13-22-0001000. Lexington and Constitution's third

party claims adjusting company, Crawford Global Technical Services cited Constitution Insurance Company Policy No. CON-S13-22-0001000 within all of its coverage communications with plaintiff. Accordingly, both Lexington and Constitution will collectively be referred to as "defendants" or "insurers."

## II. JURISDICTION

5. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because plaintiff and defendants are citizens of different U.S. states thereby establishing complete diversity, and the amount in controversy exceeds $75,000, excluding interest and costs.

## III. VENUE

6. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## IV. CONDITIONS PRECEDENT

7. All conditions precedent have been performed or have occurred.

## V. FACTS

8. Plaintiff is the owner of commercial property insurance policy numbers 0062502343 and CON-S13-22-0001000, which was issued by Lexington and Constitution respectively (hereinafter referred to as the "policies").

9. Plaintiff owns the insured property that is specifically located at 1620 E. Interstate 40 in Amarillo, Texas 79103 (hereinafter referred to as the "property").

10. Defendants or its agents sold the policies insuring the property to plaintiff.

11. On or about April 24, 2022, plaintiff's property sustained severe damage from a storm that recorded over one-inch sized hail at plaintiff's property. Plaintiff submitted a claim to defendants against the policies for the severe damage to the property caused by the storm. Defendants

acknowledged the claim and assigned claim number 4089486 which was handled by Defendants' third-party adjuster, Crawford Global Technical Services (hereinafter referred to as "Crawford"). Within claim correspondence from Crawford, there is also claim number MFLZ that is referenced. Both claim numbers 4089486 and MFLZ will collectively be referred to as (the "claim") as both relate to a single date of loss on April 24, 2022.

12. On February 16, 2023, Crawford's adjuster, Corey Mundson, had the property inspected by Richard G. Windham, P.E. While Mr. Windham confirmed hail damage to the shingle roofing, metal roofing, and exterior guest doors of the property, he opined that the damage predated the April 24, 2022 storm. Even though the storm caused significant damage to the property, Defendants denied the claim and have continually failed to perform any additional investigation of the property to properly adjust the claim. Defendants did not conduct a thorough inspection and did not make appropriate allowances for the damage. As a result of Defendants' unreasonable investigation, the insured was wrongly denied the cost to repair the property's roofing system, exterior, and associated moisture related interior distress from roof leaks.

13. Plaintiff retained Kevin Small with Mutual Group Inc. to inspect the property. In April 2023, Mr. Small photographed the damage found at the property and evaluated the cost to repair and replace the damage in the amount of $1,199,898.23 with additional allowances for the property's contents. Plaintiff provided this information to Defendants and asked them to cover the cost of repairs to the property pursuant to the policies and any other available coverages under the policies.

14. Defendants failed to properly adjust the claim and further have denied coverage of the claim without an adequate investigation or explanation, even though the policy provided coverage for losses such as those suffered by the insured.

15. To date, Defendants continue to deny payment for the damages to the property even though they have received all information necessary to cover and pay the claim. As such, the insured's claim remains unpaid, and the insured still has not been able to properly repair the property, which has resulted in additional damages.

## VI. COUNT 1 - BAD FAITH

16. Plaintiff is an insured under insurance contracts issued by Defendants, which gave rise to a duty of good faith and fair dealing owed by both.

17. Defendants breached their respective duties by denying and delaying payment of a covered claim when defendants knew or should have known their liability under the policies was reasonably clear.

18. Following its receipt of documentation from the insured confirming the damage, Defendants, through their third party claims adjuster, Crawford, possessed all information necessary to enable them to make a fair coverage and payment determination on plaintiff's claim. In addition, following its initial inspection, Defendants failed to provide coverage for the covered damage, including the damage that plaintiff's inspector discovered during his inspection. Although Defendants should have designed their claims investigation system in a manner that would ensure timely claim payments, reasonable property inspections, and thorough property inspections, Defendants failed to honor their obligation to perform a reasonable investigation and issue timely payment to plaintiff.

19. Defendants' breach of duty proximately caused injury to plaintiff, which resulted in damages of the loss of policy benefits.

## VII. COUNT 2 - BREACH OF CONTRACT

20. In addition to other counts, Defendants breached their respective contracts with plaintiff.

21.  Plaintiff and defendants executed valid and enforceable insurance contracts through a JKL Group Policy.  The contracts stated that defendants would pay the replacement cost of all damage which occurred to plaintiff's property caused by a covered peril, and that plaintiff would pay insurance premiums and perform other obligations as outlined in the insurance policies.

22.  Plaintiff fully performed its contractual obligations.

23.  Defendants breached the contract by refusing to pay the full amount of the cost to repair or replace the property.  Defendants failed and refused to pay the fair amount of the proceeds of the policies, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property.  Defendants did this even though all conditions precedent to recovery upon the policies had been carried out and accomplished by plaintiff.

24.  Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

25.  <u>Attorney Fees.</u>  Plaintiff is entitled to recover reasonable attorney fees under Texas Civil Practice & Remedies Code chapter 38 because this suit is for breach of a written contract.  Plaintiff retained counsel, who presented plaintiff's claim to Defendants.  Defendants did not tender the amount owed within 30 days of when the claim was presented.

### VIII. COUNT 3 – DECEPTIVE INSURANCE PRACTICES

26.  Defendants failed to explain to plaintiff the reasons for their denial of an adequate settlement.  Defendants failed to offer plaintiff adequate compensation without adequate explanation of the basis in the policies for their decision to make less than full payment as communicated by Crawford.  Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the losses covered under the policies, nor did they provide any explanation for the failure to adequately settle plaintiff's claim.

27. Defendants failed to affirm or deny coverage of plaintiff's claim within a reasonable time. Specifically, plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants claims adjuster, Crawford.

28. Defendants refused to fully compensate plaintiff under the terms of the policies and further failed to conduct a reasonable investigation. Defendants performed an outcome-oriented investigation of the plaintiff's claim which resulted in a biased, unfair, and inadequate evaluation of plaintiff's losses on the property.

29. Defendants failed to meet their obligations under the Texas Insurance Code regarding their duties to timely acknowledge plaintiff's claim, begin an investigation of plaintiff's claim, and request all information reasonably necessary to investigate plaintiff's claim within the statutorily mandated time of receiving notice of plaintiff's claim.

30. Defendants failed to accept or deny plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. In addition, Defendants failed to communicate with plaintiff to ensure that plaintiff understood the coverage denials plaintiff received.

31. Defendants' acts or practices violated:

   a. Texas Insurance Code Chapter 541, subchapter B and Texas Business and Commerce Code Chapter 17 by:

   (1) Not attempting in good faith to bring about a prompt, fair, and equitable settlement of a claim once the insurer's liability becomes reasonably clear. TEX. INS. CODE §541.060(a)(2)(A); TEX. BUS. & COM. CODE § 17.50(a)(4).

   (2) Not promptly giving a policyholder a reasonable explanation, based on the policy as it relates to the facts or applicable law, for the insurer's denial of a claim or for

the offer of a compromise settlement of a claim. TEX. INS. CODE §541.060(a)(3); TEX. BUS. & COM. CODE § 17.50(a)(4).

(3) Not affirming or denying coverage within a reasonable time. TEX. INS. CODE §541.060(a)(4)(A); TEX. BUS. & COM. CODE § 17.50(a)(4).

(4) Refusing to pay a claim without conducting a reasonable investigation. TEX. INS. CODE §541.060(a)(7); TEX. BUS. & COM. CODE § 17.50(a)(4).

b. Texas Insurance Code Chapter 541.151.

c. Texas Business & Commerce Code § 17.50(a)(4).

32. Defendants' acts and practices were a producing cause of injury to plaintiff which resulted in the following damages:

a. actual damages; and

b. insurance policy proceeds.

33. Plaintiff seeks damages within the jurisdictional limits of this Court.

34. <u>Additional damages.</u> Defendants acted knowingly, which entitles plaintiff to recover treble damages under Texas Insurance Code section 541.152(b).

35. <u>Attorney fees.</u> Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Insurance Code section 541.152(a)(1).

### IX. COUNT 4 - LATE PAYMENT OF CLAIMS

36. Plaintiff is an insured under contracts for commercial property insurance issued by defendants as part of the JKL Group.

37. Defendants are corporations.

38. Plaintiff suffered a loss covered by the policy and gave proper notice to Defendants of plaintiff's claim.

7

39. Defendants are liable for the claim and had a duty to pay the claim in a timely manner.

40. Defendants breached their duty to pay plaintiff's claim in a timely manner by not timely:

    a.   acknowledging the claim;

    b.   investigating the claim;

    c.   requesting information about the claim;

    d.   paying the claim after wrongfully rejecting it; and

    e.   paying the claim after accepting it.

41. Defendants' breach of duty caused injury to plaintiff, which resulted in the following damages:

    a.   policy proceeds;

    b.   prejudgment interest

42. <u>Statutory damages.</u>  Plaintiff is entitled to recover actual damages in the amount of the claim, and under Texas Insurance Code section 542.060(a), statutory damages of 18% of the amount of the claim.

43. <u>Attorney fees.</u>   Plaintiff is entitled to recover reasonable attorney fees under Texas Insurance Code section 542.060(b).

## X. JURY DEMAND

44. Plaintiff has previously requested for a trial by jury and tendered the appropriate fee.

## XI. PRAYER

45. For these reasons, plaintiff asks that plaintiff be awarded a judgment against defendants for the following:

    a.   Actual damages.

    b.    Prejudgment and postjudgment interest.

    c.    Consequential damages.

    d.    Court costs.

    e.    Attorneys 'fees.

    f.    All other relief to which plaintiff is entitled.

Respectfully submitted,

THE JAVED LAW FIRM, PLLC
*/s/ Nohayia Javed*
Nohayia Javed
Texas Bar No. 24074482
Dan D. Simmonds
Texas Bar No. 24027980
1107 Babcock Road, Suite 4
Balcones Heights, Texas 78201
Tel: (832) 360-0476
Fax: (281) 605-5020
attorney@javedlawfirm.com
dsimmonds@javedlawfirm.com
*Attorneys for Plaintiff*

9

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 24, 2024 a copy of the foregoing First Amended Complaint was served on the following counsel of record through the Clerk of the Court using the CM/ECF system.

Stephanie Tippett
stippit@moundcotton.com
Sarah Mohkamkar
smohkamkar@moundcotton.com