IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LOTUS SKY, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:24-cv-00085-Z-BR |
| | § | |
| LEXINGTON INSURANCE COMPANY | § | |
| and CONSTITUTION INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

On June 18, 2024, Defendant, Lexington Insurance Company ("Lexington"), filed a Verified Plea in Abatement and Plea Invoking Texas Insurance Code § 542A.007(d). (ECF 11). The Court construes the Verified Plea as a Motion to Abate. Based on the relevant findings and applicable law, the Motion to Abate (ECF 11) is GRANTED.[1]

## I.       **BACKGROUND**

This case arises out a dispute over an insurance claim. (*See* ECF 1). On April 24, 2024, Plaintiff filed suit against Lexington. (*Id.*). On May 21, 2024, Lexington filed its Answer. (ECF 5). Three days later, on May 24, 2024, Plaintiff filed its Amended Complaint (ECF 7), to which Lexington filed its Amended Answer. (ECF 8).

Plaintiff's Amended Complaint alleges breach of the duty of good faith and fair dealing, breach of contract, and various violations of the Texas Insurance Code and Texas Business and

---

[1] The undersigned will not address Plaintiff's ability to recover its attorneys' fees under the Texas Insurance Code within this Memorandum Opinion and Order. Likewise, the undersigned's findings in this Order should not be construed as relevant to any other matters/issues not directly addressed herein, as this Order solely addresses the issue of abatement.

Commercial Code against Lexington. (*See* ECF 7). Accordingly, because this lawsuit is based on an insurance claim arising from alleged wind and hail damage, this lawsuit triggers compliance with Section 542A of the Texas Insurance Code. *See* Tex. Ins. Code § 542A.003. Relevant to the Motion before the Court, Plaintiff was required to provide presuit notice to Lexington at least 60 days before filing suit. *See id.* Lexington alleges it did not receive the requisite presuit notice. (ECF 11 at 2) ("Plaintiff did not provide Lexington with presuit notice whatsoever."). As a result of not receiving presuit notice, Lexington alleges it "is entitled to abatement of this action until the 60th day after Plaintiff provides presuit notice complying with Chapter 542A.003." (*Id.*).

Ten (10) days after Lexington filed its Verified Plea in Abatement and Plea Invoking Texas Insurance Code § 542A.007(d), Plaintiff filed a Response and an accompanying affidavit. (ECF 16). Subsequently, Lexington filed a Reply. (ECF 17).

## II.    TEXAS INSURANCE CODE CHAPTER 542A[2]

Section 542A.003 of the Texas Insurance Code provides that "not later than the 61st day before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to the person." Tex. Ins. Code § 542A.003(a). The notice must provide: "(1) a statement of the acts or omissions giving rise to the claim; (2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss

---

[2] The parties do not present any *Erie*-related arguments in their briefing regarding whether the relevant state law provisions are substantive or procedural. But, as a threshold matter, the relevant state law provisions at issue from the Texas Insurance Code have been construed as substantive by other judges in the district, and thus applicable in cases like this one in which subject matter jurisdiction is predicated on diversity of citizenship. *See, e.g.*, *Carrizales v. State Farm Lloyds*, 2018 WL 1697584 (N.D. Tex. Apr. 6, 2018) (Ramirez, M.J.); *M Central Residences Condominium Ass'n Inc. v. Technology Ins. Co., Inc.*, 2023 WL 4089388, at *2 (N.D. Texas Jun. 20, 2023) (Fitzwater, J.); *Jordan Indus., LLC v. Travelers Indem. Co. of Am.*, 2022 WL 2719630, at *3 (N.D. Tex. Apr. 12, 2022) (Ray, M.J.); *Gateway Plaza Condo v. The Travelers Indem. Co. of Am.*, 2019 WL 7187249, at *1 n.1 (N.D. Tex. Dec. 23, 2019) (Scholer, J.); *Tadeo v. Great N. Ins. Co.*, 2020 WL 4284710, at *9 (N.D. Tex. Jul. 27, 2020) (Fish, J.).

of covered property; and (3) the amount of reasonable and necessary attorney's fees incurred by the claimant...." *Id.* at § 542A.003(b). If notice is provided by an attorney or representative on the claimant's behalf, "the attorney or representative shall: (1) provide a copy of the notice to the claimant; and (2) include in the notice a statement that a copy of the notice was provided to the claimant." *Id.* at § 542A.003(c)(1). "The notice requirement is intended to give a defendant insurer a right and opportunity to make a settlement offer." *Rodriguez v. Metro. Lloyds Ins. Co. of Tex.*, No. 5:15-CV-143-C, 2015 WL 12699855, at *4 (N.D. Tex. July 27, 2015) (citing Tex. Ins. Code § 541.156).

Section 542A.005 allows a defendant to file a plea in abatement "not later than the 30th day after the date the [defendant] files an original answer in the court in which the action is pending...." Tex. Ins. Code § 542A.005(a)(1). "The party seeking abatement has the burden of proof to establish the allegations in its motion." *In re Vanblarcum*, No. 13-15-00056-CV, 2015 WL 1869415, at *1 (Tex. App.—Corpus Christi Apr. 22, 2015, pet. denied) (mem. op.) (citing cases); *Southern Cty. Mut. Ins. Co. v. Ochoa*, 19 S.W.3d 452, 468–69 (Tex. App.—Corpus Christi 2000, no pet.) (citing *Flowers v. Steelcraft Corp.*, 406 S.W.2d 199, 199 (Tex. 1966)). If the person seeking abatement did not receive presuit notice as required by section 542A.003, "[t]he court shall abate the action...." *Id.* at § 542A.005(b)(1). "Abatement is automatic and without court order if the defendant verifies the plea in abatement," alleges failure to comply with section 542A.003, "and the plaintiff does not controvert the verified plea [by filing an affidavit] before the 11th day after the plea in abatement is filed." *Rodriguez*, 2015 WL 12699855, at *4 (citing Tex. Ins. Code § 541.155(c)) (quotations omitted); *see id.* at § 542A.005(c). In either scenario, an abatement continues until "the 60th day after the date notice" is provided. Tex. Ins. Code § 542A.005(e)(1).

### III.   ABATEMENT

Here, Lexington filed its Verified Plea in Abatement on June 18, 2024, within 30 days of filing its Amended Answer. (ECF 11). Lexington's Plea was verified, and alleged that Plaintiff did not provide presuit notice as required under section 542A.003. (*See* ECF 11-1 at 2–3).

In its Response (ECF 16), Plaintiff does not argue that it provided Lexington presuit notice, nor did it file a *controverting* affidavit; instead, Plaintiff argues that providing presuit notice to another insurance company[3] sufficed as presuit notice to Lexington. (*See id.* at 1–3). This cannot satisfy the presuit notice requirements set out in the Texas Insurance Code. Plaintiff did attach an affidavit (ECF 16 at 9) as part of its Response to Lexington's Motion to Abate, but it is not controverting.[4] In other words, nothing in Plaintiff's Response or its attached affidavit *actually controverts* the fact that Lexington did not receive presuit notice. (*See generally* ECF 16). Although Plaintiff offers several reasons why it was unable to provide presuit notice to Lexington, nothing filed by Plaintiff controverts the fact that Lexington itself did not receive presuit notice. (*See* ECF 9 at 1–7).

Accordingly, this action automatically abated under the Texas Insurance Code on June 29, 2024, eleven (11) days after Defendants filed their Verified Plea (ECF 11), and will remain in abatement until "the 60th day after the date" proper presuit notice is provided. *See* Tex. Ins.

---

[3] The disputed claim apparently involves multiple insurance companies. (*See* ECF 16 at 2–3). One of the insurance companies allegedly involved is Constitution Insurance Company. (*See id.*). In its response, Plaintiff only argues that presuit notice was provided to Constitution, not that presuit notice was provided to Lexington. As of the date of this Memorandum Opinion and Order, the Court's docket does not reflect service on Constitution, although summons was issued on June 20, 2024. (ECF 13).

[4] For reference, Merriam-Webster provides the following definition for controvert: "to dispute or oppose by reasoning." *See Pre-* Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/controvert (last visited August 22, 2024).

Code §§ 542A.005(a), (e)(1); *San Marcos Willow Springs, Ltd.*, 2008 WL 11334013, at *1 (action automatically abated where the defendant's motion was "verified, allege[d] that [d]efendant did not receive the require[d] notice, and was not controverted by an affidavit from [the p]laintiff filed within eleven days of the motion to abate."); *see also Villarreal v. Scottsdale Ins. Co.*, No. B:12-152, 2012 WL 13048213, at *1 (S.D. Tex. Dec. 10, 2012) (recognizing that the case was previously abated automatically in state court where the defendant filed a verified plea in abatement alleging failure to provide notice, and the plea was not challenged by the plaintiffs); *Grimes & Assoc., Consulting Eng'r, LP v. Nautilus Ins. Co.*, No. 5:10-CV-134-C, 2010 WL 11565406, at *1 (N.D. Tex. Dec. 22, 2010) (considering a motion to re-open a case that was automatically abated by that court after the plaintiff failed to respond to the defendants' verified plea of abatement).

## IV.   CONCLUSION

Based on the foregoing, Lexington's Motion to Abate (ECF 11) is GRANTED. This case is deemed to have been automatically ABATED as of June 29, 2024, and it will remain in abatement until sixty (60) days after the date Plaintiff provides Defendant Lexington with proper presuit notice. **The parties are ordered to file a joint status report regarding the status of the completion of this requirement no later than one-hundred and twenty (120) days from the date of this Order**.

In accordance with the abatement, **the Court Clerk is instructed to administratively close and stay the case**. The filing of the required joint status report, and any potential subsequent reports, will not operate to lift the stay or re-open the case.

IT IS SO ORDERED.

ENTERED August 22, 2024.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE